**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT N. BENNETT,<br><br>    Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>    Defendants. | Case No.: CV 13-01693 KAW<br><br>ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW AS COUNSEL OF RECORD |

    Presently, Plaintiff Robert N. Bennett is represented by attorney September Joy Katje of Consumer Litigation Law Center, APC. On May 29, 2013, counsel moved to withdraw. (Dkt. No. 17.) Counsel states that since March 2013, Plaintiff has failed to respond to numerous phone calls, emails, and letters, even when they involved the pending sale of his subject property. His only communications with counsel and counsel's firm are sporadic, and he has demanded that all communication be conducted via email. Moreover, Plaintiff has not paid counsel attorney and filing fees, as he is contractually obligated to do. Counsel served copies of her motion on Plaintiff by certified mail to both his current mailing address and post office box.

    Plaintiff did not file an opposition to counsel's motion to withdraw, but sent his attorney of record a "Notice of Opposition" stating his intent to file an opposition to the motion to withdraw. He did not file this document with the Court, but his attorney e-filed it on ECF. (Dkt. No. 33.) At the hearing, Plaintiff's counsel stated that Plaintiff did not send them any subsequent opposition to counsel's motion to withdraw, and Plaintiff did not file any documents with the Court.

The Court held a hearing on the motion on July 18, 2013.  September Katje appeared at the hearing, but Plaintiff did not.

Under Civil Local Rule 11-5(a), "[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case."  The local rules further provide that if the client does not consent to the withdrawal and no substitution of counsel is filed, the motion to withdraw shall be granted on the condition that all papers from the court and from the opposing party shall continue to be served on that party's current counsel for forwarding purposes until the client appears by other counsel or pro se if the client is not a corporate defendant.  Civil L.R. 11-5(b).

Withdrawal is governed by the California Rules of Professional Conduct.  *See Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal).  Under California Rule of Professional Conduct 3-700(C), an attorney may request permission to withdraw if the client breaches an agreement or obligation to its counsel as to expenses or fees, or if the client engages in "other conduct [that] renders it unreasonably difficult for the member to carry out the employment effectively," such as a client's failure to communicate with its attorney.  Cal. Rules of Prof'l Conduct R. 3-700(C)(1)(d).

The Court has discretion regarding whether to grant a motion to withdraw; an attorney's request to withdraw should be denied "where such withdrawal would work an injustice or cause undue delay in the proceeding." *Gong v. City of Alameda*, No. C 03-05495 TEH, 2008 WL 160964, at *1 (N.D. Cal. Jan. 8, 2008) (no prejudice or undue delay to client where counsel provided sufficient notice of its intent to withdraw and where no trial date had yet been set in the case).

The Court finds that good cause exists to grant counsel's motion to withdraw.  Counsel has attested that Plaintiff has not paid his legal bills and has not communicated with his attorneys.  Both of these are independently valid grounds for withdrawal.  Although Plaintiff has been served with counsel's motion to withdraw, neither he nor Defendants have objected to the motion.  There has been no showing that withdrawal would work an injustice or cause undue delay.

1 Accordingly, Plaintiff's counsel's motion to withdraw is granted.  Because Plaintiff has not
2 consented to the withdrawal and no substitution of counsel has been filed, all papers from the court
3 and from Defendants shall continue to be served on Plaintiff's counsel for forwarding purposes until
4 a substitution of counsel is filed.  *See* Civil L.R. 11-5(b).

IT IS SO ORDERED.

DATE: August 2, 2013

_____
KANDIS A. WESTMORE
UNITED STATES MAGISTRATE JUDGE