United States District Court
Northern District of California

ROBERT N. BENNETT,

        Plaintiff,

    v.

WELLS FARGO BANK, N.A., et al.,

        Defendants.

Case No.: CV 13-01693-KAW

ORDER GRANTING DEFENDANT
WELL FARGO BANK, N.A.'S
MOTION TO DISMISS THE FIRST
AMENDED COMPLAINT

On May 28, 2013, Defendant Wells Fargo filed a motion to dismiss Plaintiff Robert N. Bennett's first amended complaint. (Mot. to Dismiss, Dkt. No. 14.)  On July 18, 2013, the Court held a hearing, and after careful consideration of the parties' arguments, for the reasons set forth below, the Court GRANTS Well Fargo's Motion to Dismiss causes of action one, two, four, five, six, seven and eight without leave to amend, because any amendment to the pleadings would be futile.  Plaintiff's third of action is dismissed with leave to amend consistent with this order.

## I.  BACKGROUND

Plaintiff filed this action in Alameda Superior Court on March 5, 2013 alleging nine causes of action against Defendants based on conduct during the origination of Plaintiff's mortgage loan, loan servicing, and foreclosure proceedings on Plaintiff's rental property.

On April 15, 2013, Defendants removed the case federal court.  On May 13, 2013, Plaintiff filed his first amended complaint.  On May 28, 2013, Defendants filed a motion to dismiss the first amended complaint.

Plaintiff's first amended complaint contains eight causes of action: Unfair and Deceptive Business Practices in Loan Servicing, Unfair and Deceptive Business Practices in Foreclosure Process, violation of the Real Estate Settlement Procedures Act (RESPA), Negligent Advice Inducing Default, Breach of the Implied Covenant of Good Faith and Fair

Dealing, Reformation of Void Contract and Restitution, Quiet Title, and Declaratory Relief. (FAC, Dkt. No. 13.)

Plaintiff alleges that in or about July 1999, Plaintiff contacted an unknown agent ("Agent") for the refinancing of the loan on his rental property. (*Id.* at ¶ 15.) Plaintiff informed Agent that he wanted a 30 year fixed rate loan with a rate lower than what he currently had. *Id.*  Plaintiff filled out the loan application at Agent's office, and signed the loan documents at the escrow office in the presence of an escrow officer. *Id.*  Upon reviewing the loan documents during signing, Plaintiff noticed that the terms of the loan had changed. *Id.*  Plaintiff was told that this was the best loan product for him and that he could get out of the biweekly payments at a later time. *Id.*  Plaintiff felt pressured and felt that he had no choice but to sign the loan documents. *Id.*  Instead of a 30 year fixed rate mortgage, Plaintiff obtained an adjustable rate mortgage (ARM) in the amount of $91,000 from World Savings Bank (since acquired by Defendant Wells Fargo).  (*Id.* at ¶¶ 16-17, 21.)

In April 2011, Plaintiff began contacting Wells Fargo to inquire about obtaining a loan modification.  (*Id.* at ¶ 18.)  Wells Fargo told him "that falling behind in mortgage payments was the only way Plaintiff could apply for a modification." *Id.*  Plaintiff did so on the advice of the representative and applied for a loan modification, which was denied based on "excessive financial obligations." *Id.*

On July 22, 2011, Wells Fargo, through NDEX, recorded a Notice of Default on the Subject Property allegedly without prior notification to Plaintiff. (*Id.* at ¶ 20.)  A Notice of Trustee's Sale was recorded on October 19, 2011. (*Id.* at ¶ 20.)

At the hearing, the parties were unaware of whether a date was set for the sale of the property.

## II.   LEGAL STANDARD

### A.  Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss based on the failure to state a claim upon which relief may be granted.  A motion to dismiss a

United States District Court
Northern District of California

complaint under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Black*, 250 F.3d 729, 732 (9th Cir. 2001).

In considering a 12(b)(6) motion, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) (quotation marks omitted).

A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action" and "conclusory statements" are not adequate. *Iqbal*, 556 U.S. at 678; *see also Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) ( "However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.... When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).

Generally, if the court dismisses the complaint, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*quoting Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)). ///

**B. Request for Judicial Notice**

As a general rule, a district court may not consider any material beyond the pleadings in ruling on a 12(b)(6) motion to dismiss for failure to state a claim. *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001). A district court may take notice of facts not subject to reasonable dispute that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b); *United States v. Bernal–Obeso,* 989 F.2d 331, 333 (9th Cir.1993). "[A] court may take judicial notice of 'matters of public record,'" *Lee*, 250 F.3d at 689 (citing *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)), and may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading" without converting a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). The court need not accept as true allegations that contradict facts which may be judicially noticed. *See Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

Pursuant to Rule 201(b)(2), "a court may take judicial notice of its own records in other cases[.]" *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (citing 9 Wright and Miller, Federal Practice and Procedure s 2410, at 359-61 (1971); *Kasey v. Molybdenum Corp. of America*, 336 F.2d 560 (9th Cir.1964)).

**III.  DISCUSSION**

**A. Request for Judicial Notice**

As a preliminary matter, Wells Fargo asks that the Court take judicial notice of a number of documents in support of its motion to dismiss. (Req. for Judicial Notice ("RJN"), Dkt. No. 15; Am. Req. for Judicial Notice ("ARJN"), Dkt. No. 22.) The documents are purportedly true and correct copies of: A) A copy of this Court's order in *Varela v. Wells Fargo Home Mortgage, et al.,* 2012 U.S. Dist. LEXIS 181323, Case No. C-12-3052-KAW (N.D. Cal. December 21, 2012), and Order Granting Defendant's Motion to Dismiss the

4

1    Second Amended Complaint, dated April 30, 2013; B) Adjustable Rate Mortgage Note,

2    dated July 28, 1999; C) a Deed of Trust recorded with the Alameda County Recorder's

3    Office on July 30, 1999; D) a Certificate of Corporate Existence dated April 21, 2006 issued

4    by the Office of Thrift Supervision certifying that World Savings Bank, FSB, is a federal

5    savings bank; E) a letter dated November 19, 2007 on the letterhead of the Office of Thrift

6    Supervision authorizing a name change from World Savings Bank, FSB to Wachovia

7    Mortgage, FSB; F) the Charter of Wachovia Mortgage, FSB; G) Official Certification of the

8    Comptroller of the Currency stating that effective November 1, 2009, Wachovia Mortgage,

9    FSB converted to Wells Fargo Bank Southwest, N.A., which then merged with and into

10   Wells Fargo Bank, N.A.; H) Notice of Default and Election to Sell Under Deed of Trust,

11   dated July 20, 2011, and recorded with the Alameda County Recorder on July 22, 2011; and

12   I) Notice of Trustee's Sale Trust, dated December 7, 2011, and recorded with the Alameda

13   County Recorder on December 21, 2011.

14          Plaintiff only opposes Well Fargo's request as to Exhibit A, which consists of two

15   orders from this Court in the *Varela* case, on the grounds that Plaintiff was not a party to that

16   lawsuit. (Pl.'s Opp'n to RJN, Dkt. No. 20.)  While that is true, the Court may take judicial

17   notice of its own records in other cases. *Wilson*, 631 F.2d at 119 (citations omitted).  For that

18   reason, Plaintiff's request to strike all citations to the *Varela* order is denied, and the Court

19   will take judicial notice of its decision.[1]

20          A district court may take notice of facts not subject to reasonable dispute that are

21   "capable of accurate and ready determination by resort to sources whose accuracy cannot

22   reasonably be questioned." Fed. R. Evid. 201(b); *United States v. Bernal–Obeso,* 989 F.2d

23   331, 333 (9th Cir.1993).  The Court concludes that the government records and public

24   documents submitted by Defendant are not subject to reasonable dispute and are proper

25   subjects of judicial notice. *See Lopez v. Wachovia Mortg.,* No. C 10–01645, 2010 WL

26

27   ─────────────────────

28   [1] There are other documents attached to Exhibit A, which appear to be attached in error, so in
     deciding to take judicial notice of this exhibit, the Court will only consider the *Varela* orders,
     dated December 21, 2012 and April 30, 2013.

2836823, at *2 (N.D.Cal.2010) (taking judicial notice of nearly identical documents).

Accordingly, the Court GRANTS Wells Fargo's request for judicial notice.

**B.  Motion to Dismiss**

1.  Preemption under the Home Owners' Loan Act (HOLA)

Defendants argue that Plaintiff's first, second, fourth, fifth, sixth, seventh and eighth state law claims are preempted by the Home Owners' Loan Act (HOLA).  *See* 12 C.F.R. § 560.2.  HOLA expressly preempts state laws with respect to the "entire field of lending regulation for federal savings associations," and states that "federal savings associations may extend credit as authorized under federal law, including this part, without regard to state laws purporting to regulate or otherwise affect their credit activities, except to the extent provided in paragraph (c) of this section."  12 C.F.R. § 560.2(a).

HOLA specifically provides that state laws purporting to impose requirements regarding "[l]oan-to-value ratios," "terms of credit, including amortization of loans and the deferral and capitalization of interest and adjustments to the interest rate," "[d]isclosure and advertising," and "[p]rocessing, origination, servicing, sale or purchase of, or investment or participation in, mortgages" are preempted.  *Id.* § 560.2(b).  State laws, however, are not preempted "to the extent that they only incidentally affect the lending operations of Federal savings associations or are otherwise consistent with the purposes of paragraph (a) of this section."  *Id.* § 560.2(c).  For example, state contract, property and tort laws are not preempted if they meet the above requirements.  *Id.*

The Ninth Circuit has held that in order to analyze whether state law is preempted by HOLA:

> the first step [is] to determine whether the type of law in question is listed in paragraph (b).  If so, the analysis will end there; the law is preempted.  If the law is not covered by paragraph (b), the next question is whether the law affects lending.  If it does, then, in accordance with paragraph (a), the presumption arises that the law is preempted.  This presumption can be reversed only if the law can clearly be shown to fit within the confines of paragraph (c).  For these purposes, paragraph (c) is intended to be interpreted narrowly.  Any doubt should be resolved in favor of preemption.

*Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001, 1005 (9th Cir. 2008).

United States District Court
Northern District of California

1     As a preliminary matter, HOLA applies to this case even though Wells Fargo is not a

2   federal savings association, because Plaintiff's loan originated with a federal savings bank,

3   World Savings Bank.  *See, e.g.*, *Appling v. Wachovia Mortg., FSB*, 745 F. Supp. 2d 961, 971

4   (N.D. Cal. 2010) ("although Wells Fargo itself is not subject to HOLA and OTS regulations,

5   this action is nonetheless governed by HOLA because Plaintiff's loan originated with a

6   federal savings bank and was therefore subject to the requirements set forth in HOLA and

7   OTS regulation."); ARJN, Ex. B.

8     Plaintiff's first, second, fourth, fifth, sixth, seventh, and eighth causes of action are

9   titled fraud in Unfair and Deceptive Business Practices in Loan Services, Unfair and

10  Deceptive Business Practices in Foreclosure Process, Negligent Advice Inducing Default,

11  Breach of the Implied Covenant of Good Faith and Fair Dealing, Reformation of Void

12  Contract and Restitution, Quiet Title, and Declaratory Relief.  Although Plaintiff brings

13  these causes of action under various state statutes and common law doctrines, the causes of

14  action are based on allegations regarding Defendants' conduct during loan origination,

15  servicing, loan modification negotiations, and the foreclosure process.

16          a.   *Allegations relating to disclosures, loan origination, and terms are preempted
17               or time-barred*

18    Plaintiff's sixth cause of action for reformation of void contract and restitution

19  alleges fraud and unconscionability in origination. (FAC, ¶¶ 77, 79.)  Plaintiff alleges that

20  the unnamed agent "did not disclose and Plaintiff was not aware that, among other things,

21  the loan was an adjustable rate loan, the loan was only fixed for less than (3) [] months, the

22  loan contained payments that would be made biweekly, the interest rate could eventually

23  increase to 12.250%, and the loan contained a late charge of 6% of the principal and interest

24  due." (FAC, ¶ 16.)  These allegations relate to the terms of credit, amortization of loans,

25  disclosures, and the processing and origination of mortgages, and are therefore preempted by

26  HOLA under § 560.2(b).  *See, e.g.*, *Appling v. Wachovia Mortg., FSB*, 745 F. Supp. 2d 961,

27  972 (N.D. Cal. 2010) ("Because this claim is entirely based on Defendants' disclosures and

28  the provision of credit-related documents, it falls within the specific type of preempted state

laws listed in § 560.2(b)(9)"); *Newsom v. Countrywide Home Loans, Inc.*, 714 F. Supp. 2d 1000, 1012-13 (N.D. Cal. 2010) (finding that HOLA preempted fraud claim alleging that defendant failed to provide disclosures and misrepresented interest rates and fees); *Reyes v. Premier Home Funding, Inc.*, 640 F. Supp. 2d 1147, 1156 (N.D. Cal. 2009) (finding that HOLA preempted negligence claim alleging that Defendants failed to explain material terms of a loan agreement).

Wells Fargo also claims that the sixth cause of action is time-barred to the extent that it "is based on the usual grounds of fraud or mistake." (Def.'s Mot., at 18.)  To Plaintiff's credit, he concedes at least one of Defendant's arguments as to the sixth cause of action, and does not otherwise contest the dismissal of this claim.  Accordingly, the Court dismisses Plaintiff's sixth cause of cause of action for Reformation of Void Contract and Restitution without leave to amend.

b.  *Claims relating to foreclosure proceeding are generally preempted*

Plaintiff's second, seventh and eighth causes of action are related to the foreclosure proceedings.  The second cause of action is for unfair and deceptive business practices in the foreclosure process and appears to implicate California Civil Code § 2923.5, which concerns the process of recording a notice of default.  Similarly, the seventh and eighth causes of action for Quiet Title and Declaratory Relief explicitly implicate § 2924—transfer of property interest—as they concern the validity of robo-signatures on the Notice of Default. (*See* FAC, ¶¶ 86, 98-99.)

Defendant seeks to the dismissal of these claims on the basis that they are preempted by HOLA.  Federal courts have found that allegations relating to foreclosure are preempted by HOLA, because they fall within § 560.2(b)(10)—that is, the "[p]rocessing, origination, servicing, sale or purchase of, or investment or participation in, mortgages."  Federal courts have specifically found § 2923.5 to be preempted by HOLA.  *See, e.g.*, *Ngoc Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp. 2d 1022, 1033 (N.D. Cal. 2010), *DeLeon v. Wells Fargo Bank, N.A.*, 729 F. Supp. 2d 1119, 1127 (N.D. Cal. 2010) (collecting cases with similar holdings).

As an initial matter, any remedy under § 2923.5 is limited to the postponement of foreclosure. *See Davenport v. Litton Loan Servicing, LP*, 725 F. Supp. 2d 862, 877-78 (N.D. Cal. 2010) (after the property had been sold at foreclosure, no remedy remained for a violation of § 2923.5); *see also Skov v. U.S. Bank Nat. Assn.*, 207 Cal. App. 4th 690, 696 (6th Dist. 2012) ("The only remedy for noncompliance with the statute is the postponement of the foreclosure sale."). Further, the weight of federal authority supporting a finding of preemption. *See Frias v. Wells Fargo Bank*, C-13-00075 EDL, 2013 WL 321690 (N.D. Cal. Jan. 28, 2013).

The seventh and eighth causes of action, while incorporating all proceeding paragraphs by reference, appear to predominantly concern the validity of affixing robo-signatures to the Notice of Default.  Both causes of action allege that the robo-signatures demonstrate that "[t]he person attesting to the Notice of Default did not have personal knowledge of the facts attested thereto. The Notice of Default and attached declaration were made without personal knowledge, in violation of *Civil Code* section 2924 et seq., and therefore are void." (FAC, ¶¶ 86, 98.)  California Civil Code § 2924, *et seq.*, outlines the steps that must be taken in the foreclosure process, including the contents of a notice for default.  Plaintiff has not identified to which subsections he is citing to support his allegation that the Notice of Default is void.  As is the case with violations of § 2923.5, the remedy for a violation of § 2924 is the postponement of the foreclosure sale. Cal. Civ. Code § 2924g.  As is the case with violations of § 2923.5, the weight of federal authority is that § 2924 *et seq.* is also preempted. *See, e.g., DeLeon v. Wells Fargo Bank, N.A.*, 729 F. Supp. 2d 1119, 1126 (N.D. Cal. 2010).

Even if the seventh cause of action was not preempted, the prevailing view of courts in this district is that plaintiffs do not have standing to contest the validity of robo-signatures. *See, e.g., Carollo v. Vericrest Fin., Inc.*, 11-CV-4767 YGR, 2012 WL 4343816, at *3 (N.D. Cal. Sept. 21, 2012); *McGough v. Wells Fargo Bank, N.A.*, C12-0050 TEH, 2012 WL 5199411, at *6 (N.D. Cal. Oct. 22, 2012) ("Plaintiff cannot show that it resulted in prejudice to him as the borrower because his default caused the foreclosure."). The reasoning is that the plaintiff lacks standing to contest the validity of a robo-signature, because his foreclosure was the result of not making

1    payments and entering default, such that he did "not suffer an injury as a result of the assignment

2    of deed of trust, even if the assignment was fraudulent." *Carollo*, 2012 WL 4343816, at *6.

3        Wells Fargo also asserts that Plaintiff's quiet title claim fails due to his "failure to tender

4    the loan proceeds." (Def.'s Mot., at 18.)  The Court, however, finds no need to address the tender

5    issue, because the cause of action is preempted by HOLA, as explained above.

6        The eighth cause of action for declaratory relief is duplicative of the relief sought

7    through Plaintiff's other causes of action, and is dismissed with prejudice. *See Mangindin v.*

8    *Washington Mut. Bank*, 637 F. Supp. 2d 700, 707-08 (N.D. Cal. 2009).

9            c.    *Allegations relating to servicing and loan modification negotiations are*
10                 *preempted*

11        As currently pled, Plaintiff's first (Unfair and Deceptive Business Practices in Loan

12    Services), second (Unfair and Deceptive Business Practice in Foreclosure Process), fourth

13    (Negligent Financial Advice Leading To/Suggesting Default), and fifth (Breach of Implied

14    Covenant of Good Faith and Fair Dealing) causes  of action, to the extent that they are based

15    on allegations regarding Wells Fargo's communications with Plaintiffs regarding a potential

16    loan modification, are also preempted by HOLA.  Plaintiff's generalized claims of fraud,

17    discussed below, are insufficient to avoid preemption, because he does not identify an

18    underlying, actionable violation.

19        Specifically, Plaintiff alleges that Wells Fargo told him that he had to be in default in

20    order to apply for a loan modification, so he stopped making payments on the advice of the

21    lender's representative, and was then "denied a modification and was not provided

22    substantiated reasons other than 'excessive financial obligations.'" (FAC, ¶ 25.)  Requests

23    for loan modifications fall within §560.2(b)(10)—that is, the "[p]rocessing, origination,

24    servicing, sale or purchase of, or investment or participation in, mortgages."  *See Biggins v.*

25    *Wells Fargo & Co.*, 266 F.R.D. 399, 417 (N.D. Cal. 2009); *DeLeon v. Wells Fargo Bank,*

26    *N.A.*, 729 F. Supp. 2d 1119, 1127 (N.D. Cal. 2010).

27        Similarly, Plaintiff's unfair competition law ("UCL") claims asserted under California

28    Business & Professions Code § 17200 are also preempted by HOLA.  *See Jones-Boyle v.*

10

1  *Washington Mut. Bank, FA*, CV 08-02142 JF (PVT), 2010 WL 2724287 (N.D. Cal. July 8, 2010)

2  (finding that plaintiff's claims against lender "based upon solely its lending activities and

3  representation in loan documents" were preempted).  Plaintiff alleges that Defendant's "failure

4  and refusal... to seek alternatives to foreclosure... [violates Defendant's] duty to offer such relief

5  in good faith under California law." (FAC, ¶ 30.)  First, Wells Fargo was not under any obligation

6  to modify Plaintiff's loan, so there was no duty to offer any such relief. *See, e.g., Sato v.*

7  *Wachovia Mortgage, FSB*, 5:11-CV-00810 EJD, 2011 WL 2784567 (N.D. Cal. July 13, 2011).

8  Second, Plaintiff's UCL allegations of the invalidity of the underlying debt are based solely on

9  the lending activities at the time of origination, loan servicing, and modification, and are therefore

10  preempted.

11       Even if Plaintiff's UCL claims were not preempted, Plaintiff cannot show that Wells

12  Fargo's actions during the attempted loan modification process were unlawful.  In order to state a

13  claim for UCL, Plaintiff must identify an underlying statute that Wells Fargo violated. *Ingels v.*

14  *Westwood One Broad. Servs., Inc.*, 129 Cal. App. 4th 1050, 1060, 28 Cal. Rptr. 3d 933, 938

15  (2005) (no § 17200 liability "for committing 'unlawful business practices' without having

16  violated another law").  Like the Plaintiffs in *Varela*, Plaintiff's "allegations pertaining to loan

17  modification cannot be recast under a § 17200 cause of action, because Plaintiffs have not pled an

18  underlying violation of law stemming from Defendant's conduct during the loan modification

19  negotiations." *Varela v. Wells Fargo Home Mortgage*, C-12-3502 KAW, 2012 WL 6680261, at

20  *8 (N.D. Cal. Dec. 21, 2012) (citations omitted.) As in *Varela*, even if Wells Fargo's actions

21  deceived Plaintiff, that does not make them actionable.

22       Further, Plaintiff alleges that Wells Fargo induced him to default. Courts in this district

23  "have found the allegation that a borrower was induced to fall behind on payments to be

24  implausible as a matter of law." *Pacini v. Wells Fargo Bank, N.A.,* 2012 U.S. Dist. LEXIS

25  183151, at *9 (N.D. Cal. Dec. 26, 2012).  Nowhere does Plaintiff contend that Wells Fargo

26  promised him a loan modification, only that he could not apply unless he was behind in his

27  mortgage payments. (FAC, ¶¶ 25, 38.)  At the hearing, Plaintiff's counsel confirmed that Plaintiff

28  was not alleging that he was promised a loan modification if he fell behind on his payments.

United States District Court
Northern District of California

11

1    These allegations are dismissed without leave to amend as they are preempted and

2    amendment would be futile.

3         2.   Real Estate Settlement Procedures Act (RESPA) Claim

4         The third cause of action alleges that Plaintiff sent a qualified written request

5    ("QWR") and a validation of debt ("VOD") to Defendants Wells Fargo and NDEX on

6    February 1, 2013, seeking "a specific breakdown of the fees and an explanation of why such

7    charges were incurred."  (FAC, ¶ 45.); *see* 12 U.S.C. § 2601 *et seq*.  As of the filing of this

8    action, Wells Fargo has not responded.  (FAC, ¶ 46.)  NDEX's response allegedly "failed to

9    provide any documents requested...." (FAC, ¶ 48.)

10        Pursuant to 12 U.S.C. § 2605(e)(3), servicers are prohibited from providing

11   information regarding overdue payments to any consumer reporting agency within 60 days

12   after the receipt of a QWR.  Plaintiff alleges that, "upon information and belief," Wells

13   Fargo did not comply § 2605(e)(3), and furnished information regarding Plaintiff's overdue

14   payments to a credit reporting agency during that 60 day period. (FAC, ¶ 53.)  This is

15   insufficient to state a claim, as it is a conclusory statement that does not meet pleading

16   standards.  *Iqbal*, 556 U.S. at 678.

17        Wells Fargo also argues that Plaintiff has failed to plead pecuniary harm resulting

18   from the alleged violation of RESPA.  A plaintiff bringing a cause of action under RESPA

19   for failure to respond to a QWR must allege actual damages.  *See Williams v. Wells Fargo

20   Bank, N.A., Inc.*, C 10-00399 JF (HRL), 2010 WL 1463521 (N.D. Cal. Apr. 13, 2010)

21   (collecting cases finding that conclusory allegations of damages were not sufficient).

22        In addition, the plaintiff must "point to some colorable relationship between his

23   injury and the actions or omissions that allegedly violated RESPA." *Allen v. United Fin.

24   Mortgage Corp.*, No. 09–2507 SC, 2010 WL 1135787, at *5 (N.D. Cal. March 22, 2010)

25   (dismissing RESPA claim where Plaintiff alleged he suffered damages of falling behind on

26   his mortgage payments, negative credit impact, and emotional distress, but failed to allege

27   the causal relationship of the damages to RESPA violations).  Here, Plaintiff claims that he

28   has been "damaged in the amount  of ongoing penalties, fees, and interest charged" and that

United States District Court
Northern District of California

the reporting of his "overdue payments to any consumer reporting agency has caused Plaintiff significant injury to his credit score and prevented him from obtaining additional credit during this time period." (FAC, ¶¶ 51-52.)  But Plaintiff has not alleged a causal connection between Defendants' failure to properly respond to the QWR and these losses.

Further, Wells Fargo points out that Plaintiff's QWR was sent by his attorney as a litigation tactic, two years after he defaulted on the loan. (Def.'s Mot. to Dismiss, at 12-13.) The Notice of Default was recorded on July 22, 2011, so presumably Wells Fargo had already reported several of Plaintiff's overdue payments to the consumer reporting agencies. It is unclear from Plaintiff's FAC and Opposition why these damages would be caused by Defendants' failure to properly respond to Plaintiff's request made in February 2013.  At the hearing, Plaintiff's counsel stated that Plaintiff was considering reinstating the loan, so he sent the QWR to obtain a list of individual charges and fees, so that he could verify the accuracy of each charge, as he believed that some charges were levied in error.  As a result, Defendant's failure to respond has made it difficult for Plaintiff to reinstate the loan, because he does not know how much he is said to have owed.

In light of the above, this allegation may be amended to include, if possible, sufficient facts that, taken as true, show that Defendants' failure to respond to the QWR caused Plaintiff actual damages.

///
///
///
///
///
///
///
///
///
///

United States District Court
Northern District of California

**IV.  CONCLUSION**

In light of the above, the Court GRANTS Defendant Wells Fargo's motion to dismiss.  Plaintiff's first, second, fourth, fifth, sixth, seventh, and eighth causes of action are preempted by HOLA, and are dismissed with prejudice.

Plaintiff's third cause of action is dismissed with leave to amend, because Plaintiff has failed to plead actual damages caused by Defendants' alleged RESPA violations. Plaintiff may file an amended complaint within 30 days of the date of this order containing only allegations pertaining to the third cause of action.

IT IS SO ORDERED.

Dated: August 9, 2013

_____
KANDIS A. WESTMORE
United States Magistrate Judge

United States District Court
Northern District of California

14